**GTE NORTHWEST, INC., Plaintiff,**

v.

**Sharon L. NELSON, et al., Defendants.**

**No. C96–1991WD.**

United States District Court,
W.D. Washington.

March 31, 1997.

---

Paul G. McNamara, Charles C. Read, O'Melveny & Myers, Los Angeles, CA, Timothy J. O'Connell, GTE Northwest Inc. Legal Dept., Everett, WA, Susan L. Barnes, Michael D. McKay, McKay, Chadwell & Matthews, Seattle, WA, for plaintiff.

Shannon E. Smith, Atty. General's Office, Utilities & Transp., Olympia, WA, for Sharon L. Nelson, Richard Hemstad, William P. Gillis.

David C. Tarshes, Daniel Waggoner, Davis Wright Tremaine, Seattle, WA, for AT&T Comm. of the Pacific Northwest Inc.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

DWYER, District Judge.

Defendants AT & T and Sharon L. Nelson, Richard Hemstad, and William P. Gillis have moved to dismiss this case pursuant to Fed. R.Civ.P. 12(b)(1). Defendants raise three grounds for dismissal: lack of jurisdiction, lack of ripeness, and equitable discretion.

The individual defendants also assert Eleventh Amendment immunity from suit. Plaintiff opposes the motions. All materials filed in support of or opposition to the motions, and the oral arguments of counsel presented on March 21, 1997, have been fully considered.

This lawsuit is brought under the Telecommunications Act of 1996 (the "Act"), Pub.L. No. 104–104, 110 Stat. 56 (1996). The Act is designed to foster the rapid development of telecommunications competition in local markets that are now served by incumbent providers. The Act sets forth detailed requirements for the development of an interconnection agreement between an incumbent and a provider seeking to enter the market. It also establishes specific time frames by which certain actions must be taken to negotiate the agreement, to arbitrate issues on which the parties cannot agree, and to obtain local approval of the agreement. 47 U.S.C. §§ 251, 252. The Act provides for judicial review:

> In any case in which a State Commission makes a determination under this section, any party aggrieved by such a determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6).

Here, plaintiff challenges an order of an arbitrator which has been incorporated into an agreement submitted for approval to the Washington Utilities and Transportation Commission. Plaintiff has submitted its objections to the Commission. The Commission has not yet issued a decision regarding the agreement.

Defendants argue that Section 252(e)(6), along with the content and structure of the Act, make clear the intent of Congress to delay judicial review until an interconnection agreement has been acted on by a state utility commission. Plaintiff argues that the decision of the arbitrator to which it objects is final, that the provisions in question have been incorporated into the agreement, and that no further administrative action will be taken on them. Plaintiff also relies for jurisdiction on independent statutes, 28 U.S.C. §§ 1331 and 1337.

When interpreting a statute, "[a] court must endeavor to see a statute as a whole, not to construe statutory sections or phrases in isolation." *Gracey v. Int'l Broth. of Elec. Workers Local Union No. 1340*, 868 F.2d 671, 675 (4th Cir.1989) (citing *Stafford v. Briggs*, 444 U.S. 527, 535, 100 S.Ct. 774, 780, 63 L.Ed.2d 1 (1980)). The court must consider "the statute's language, structure, and purpose, its legislative history, and whether claims can be afforded meaningful review." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207, 114 S.Ct. 771, 776, 127 L.Ed.2d 29 (1994) (citations omitted).

Considering the Act in its entirety, it is clear that Congress intended to defer court review until an agreement has become final. The Commission may approve an agreement in whole or in part, or reject the agreement, if certain standards are met. 47 U.S.C. § 252(e)(2). Review of determinations that have not been made part of a final agreement would only delay and complicate the tightly regulated process established by the Act. The alternative bases for jurisdiction invoked by plaintiff are inapplicable. Where Congress has provided a procedure to obtain review of agency action, that procedure must be followed. *E.g., Louisville & Nashville R.R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir.1983); *Compensation Dept. of Dist. Five, United Mine Workers of America v. Marshall*, 667 F.2d 336, 340 (3d Cir.1981).

Because the jurisdictional issue is dispositive, the other issues raised by defendants need not be reached. For the reasons stated, defendants' motions are granted, and this case is dismissed for lack of jurisdiction.