**GTE NORTHWEST INCORPORATED, Plaintiff,**

v.

**Roger HAMILTON, Chairman, Ron Eachus, Commissioner, Joan Smith, Commissioner, (In Their Official Capacities as Commissioners of the Public Utility Commission of Oregon); and AT & T Communications of the Pacific Northwest, Inc., Defendants.**

**Civil No. 97–6021–TC.**

United States District Court,
D. Oregon.

April 16, 1997.

James M. Brown, Enfield Guimond Brown & Collins, Salem, OR, for GTE Northwest Inc.

Michael T. Weirich, Dept. of Justice, General Counsel, Salem, OR, Timothy Wood, Dept. of Justice, Collections/Fraud/Worker Protection, Salem, OR, for Roger Hamilton and Ron Eachus.

John F. McGrory, Mark P. Trinchero, Davis Wright Tremaine, Portland, OR, for AT&T Communications of the Pacific Northwest, Inc.

## ORDER

HOGAN, Chief Judge.

■ Magistrate Judge Thomas M. Coffin filed his Findings and Recommendation on March 28, 1997. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto· & Co., Ltd.,* 700 F.2d 1202, 1206 (8th Cir.1983). *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo,* I find no error.

Accordingly, I ADOPT Judge Coffin's Findings and Recommendation. This case is

dismissed for lack of subject matter jurisdiction. Defendants' motions to dismiss (# 8, # 9) are granted, and this action is dismissed.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

COFFIN, United States Magistrate Judge:

Plaintiff, GTE Northwest, brings this action challenging a determination of the Public Utility Commission of Oregon purportedly pursuant to 47 U.S.C. § 252(e)(6). Presently before the court is defendant AT & T's motion (# 8) to dismiss and defendants commissioners' motion (# 19) to dismiss. Because this court lacks subject matter jurisdiction to hear this action, the motions should be granted pursuant to Fed.R.Civ.P. 12(b)(1).[1]

### BACKGROUND

■ Congress enacted the Telecommunications Act of 1996 (the Act) to foster competition in local telephone service. *See* 47 U.S.C. §§ 251–253. The Act requires existing local exchange carriers such as plaintiff to allow telecommunications carriers access to local networks in order to provide competing local telephone service. 47 U.S.C. § 251(c).

The Act directs local telephone companies to negotiate in good faith interconnection agreements. 47 U.S.C. § 251(c)(1). The agreement may be arrived at through negotiation or arbitration. 47 U.S.C. § 252(a)-(b). During the period from the 135th to the 160th day after a local exchange carrier receives a request for negotiation, any party to the negotiation may petition a state commission to arbitrate an open issue. 47 U.S.C. § 252(b). The state commission must resolve each issue in the petition and response to the petition not later than nine months

after the date the local carrier received the request to negotiate. 47 U.S.C. § 252(b)(4)(C). Any interconnection agreement adopted by negotiation or arbitration shall be submitted for approval to the state commission. The commission shall approve or reject the agreement with written findings as to any deficiencies regarding compliance with the Act. 47 U.S.C. § 252(e)(1)-(2). The commission has 30 days to act on an agreement adopted through arbitration. 47 U.S.C. § 252(e)(4).

The Act provides that no state court shall have jurisdiction to review the action of a state commission in approving or rejecting an agreement. 47 U.S.C. § 252(e)(4).

The Act provides for federal court review of state commission actions as follows:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement[2] meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6).

In this case, AT & T filed a request for interconnection with GTE on March 12, 1996. After several months of negotiation, AT & T filed an arbitration petition with the Public Utility Commission of Oregon (Commission) on August 11, 1996 identifying specific disputed issues. GTE filed its response on September 10, 1996.

The Commission held hearings on October 29 and 30, 1996. The parties filed posthearing briefs and on December 12, 1996 the arbitrator issued the decision. On January 13, 1997 the commission filed its order amending the decision and approving the decision as amended. Appendix A of the Order provided the following process:

---

**1.** Defendant AT & T also moves to dismiss contending that GTE fails to state a claim, that the action is not ripe for review, and that the declaratory relief requested should be withheld. The Commission also argues that the individual commissioners are not proper defendants to this action. Because this court lacks subject matter jurisdiction, such arguments will not be addressed.

**2.** "Statement" refers to a prepared statement of terms and conditions that a Bell operating company generally offers within a state to comply with the requirements of the Act and is not applicable to this action. 47 U.S.C. § 252(f).

1. AT & T shall submit to GTE a contract incorporating terms that reflect the Commission's final decision in this proceeding. The contract shall bear the signature of the person authorized by AT & T to sign this contract.

2. Within 15 days of receipt of the contract from AT & T, GTE shall notify AT & T of any provisions of the revised contract that GTE believes are inconsistent with the terms of the final Commission decision.

3. If GTE does not contest AT & T's language incorporating the terms of its decision, GTE shall return the contract to AT & T with the signature of a person authorized by GTE to sign the contract. GTE shall also file a copy of the contract with the Commission.

4. If AT & T and GTE are unable to resolve disputes over the language that embodies the decisions in this Order, the parties may request the Commission to resolve the dispute on an expedited basis. The Commission will make the final determination and issue a binding contract.

5. The contract is effective immediately upon delivery of the signed agreement to GTE.[3]

AT & T has not yet submitted an interconnection agreement for GTE's review. It is the January 13, 1997 order of the Commission that is the subject of GTE's complaint.

### STANDARDS

Subject matter jurisdiction of the lower federal courts is determined by Congress "in the exact degrees and character which to Congress may seem proper for the public good." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433, 109 S.Ct. 683, 688, 102 L.Ed.2d 818 (1989). Plaintiff, as the party asserting jurisdiction, bears the burden of proving that federal jurisdiction is proper. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

In determining a 12(b)(1) motion, the court is not limited to the allegations of the complaint. *See Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir.1987). Thus, extrinsic evidence may be considered, and, if the evidence is disputed, may be weighed by the court. *Id.* In addition, where the motion is based on extrinsic evidence, no presumptive truthfulness attaches to plaintiff's allegations or any inferences drawn therefrom. *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981).

### DISCUSSION

Plaintiff has alleged this court has jurisdiction pursuant to 47 U.S.C. § 252(e)(6). As noted above, § 252(e)(6) provides:

In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

Thus, whether this court has jurisdiction depends on an interpretation of § 252(e)(6). The dispositive issue before this court is whether § 252(e)(6) prevents this court from exercising subject matter jurisdiction prior to the Commission approving or rejecting the agreement.

In cases involving delayed judicial review of final agency actions, a finding that Congress has allocated initial review to an administrative body is warranted where such intent is fairly discernible in the statutory scheme. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207, 114 S.Ct. 771, 776, 127 L.Ed.2d 29 (1994). Whether a statute is intended to preclude initial judicial review is determined from the statute's language, structure, purpose, legislative history, and whether the claims can be afforded meaningful review. *Id.*

GTE argues that 47 U.S.C. § 252(e)(6) grants this court jurisdiction in "any case in

---

**3.** GTE contends that this language distinguishes this case from *Morrison*. However, it is clear that the contract must be approved by the Commission. 47 U.S.C. 252(e)(1). Furthermore, the Order contemplates that if there are any disputes over the language of the agreement, the Commission will resolve the disputes and issue a binding contract.

**1354**

which a State commission makes a determination under [section 252]." GTE then argues that the Commission's resolution of the disputed issues in arbitration is a determination subject to federal court review under the statute. The United States District Court for the Eastern District of Virginia rejected a similar argument made by GTE. *See GTE South Incorporated v. Morrison*, 957 F.Supp. 800, 803–04, 804–05 (E.D.Va.1997).

This court agrees with the well-reasoned opinion in *Morrison*. The *Morrison* court first noted that the word "determination," in its plain meaning and in other portions of § 252, may include orders resolving arbitrated issues. *Id.* at 804. But the court then found that the remainder of § 252(e)(6) clarifies that federal district courts determine whether the *agreement* meets the requirements of the Act. *Id.* The *Morrison* court then went on to note that the structure of the statute also supports such a conclusion:

First, voluntary negotiations for the first 135 days, § 252(a);

Second, arbitration of the unresolved issues commencing during the 135th to 160th day and concluded by the State commission within nine months of the first interconnection agreement request, § 252(b);

Third, approval or rejection by the state commission. § 252(e)(1)–(4); and

Fourth, review of the State commission actions, § 252(e)(6).

*Id.*

As in *Morrison*, the third step has not been completed in this case because the parties have not yet submitted an agreement. The *Morrison* court logically concluded that the accelerated timetable, structure and purpose of the Act would be thwarted if federal court review commenced before completion of the Commission's proceedings. *Id.* at 804–05. A fair reading of § 252(e)(6) compels the conclusion that a district court will be reviewing the Commission's determinations from the arbitration proceedings by determining whether the agreement complies with the Act. As the Commission points out in its brief,

[the Commission] "cannot finally rule on issues addressed by its [Order] until it has seen those issues function, both economically and pragmatically, in the context of a complete agreement." ... Further, the contracting parties may misunderstand the Order and craft improper contractual provisions as a result. If so [the Commission] will have to give the parties further direction.

A binding final agreement will not exist until after the Commission reviews and approves the agreement signed and submitted by GTE and AT & T. 47 U.S.C. § 252(e)(1).

### CONCLUSION

Read as a whole and in the context of the rest of the Act, 47 U.S.C. § 252(e)(6) is clear in limiting this court's jurisdiction to determining whether the agreement meets the requirements of the Act. As an agreement has yet to be submitted to the Commission, much less approved by the Commission, this case should be dismissed for lack of subject matter jurisdiction, defendants' motions (# 8 and # 19) to dismiss should be granted, and this action should be dismissed.

DATED this 25th day of March, 1997.