GTE SOUTH, INC., Plaintiff,

v.

Linda BREATHITT, Chairman; Edward Homes, Vice–Chairman; and B.J. Helton, Commissioner; All in their official capacities as Commissioners of the Public Service Commission of the Commonwealth of Kentucky, and MCI Telecommunications Corp. and MCIMETRO Access Transmission Services, Inc., Defendants.

Civil Action No. 97–7.

United States District Court, E.D. Kentucky.

April 25, 1997.

Bruce F. Clark, Stites & Harbison, Frankfort, KY, for plaintiff.

Deborah Tully Eversole, Wyatt, Tarrant & Combs, Louisville, KY, for Linda Breathitt, Chairman, in her official capacity as a Commissioner of the Public Service Commission of Kentucky, Edward J. Holmes, Vice–Chairman, in his official capacity as a Commissioner of the Public Service Commission of Kentucky, B.J. Helton, Commissioner, in his Official capacity as a Commissioner of the Public Service Commission of Kentucky.

C. Hatfield, Middleton & Reutlinger, Louisville, KY, Henry S. Alford, Greenebaum, Doll & McDonald, Louisville, KY, for MCI Telecommunications Corp., MCIMETRO Access Transmission Services, Inc.

## ORDER

HOOD, District Judge.

This matter is before the Court on the motion of the defendants Linda Breathitt, Edward Homes, and B.J. Helton (collectively referred to as the Commission) to dismiss and the motion of the defendant MCI Telecommunications (MCI) to dismiss. [Record Nos. 7, 8]. In addition, the plaintiff GTE South, Inc. (GTE) has filed a motion for oral argument. [Record No. 12]. Finding that oral argument would not assist the Court in ruling on the instant motions to dismiss in light of the clear statutory scheme, the motions shall be deemed ripe and shall be considered. Local Rule 6(e).

GTE brings this action under § 252(e)(6) of the Telecommunications Act of 1996, 47 U.S.C. § 251–252, challenging an order by the Public Service Commission of the Commonwealth of Kentucky. GTE, the incumbent local exchange carrier, is currently engaged in negotiations with MCI, a prospective competitive local exchange carrier, with respect to an interconnection agreement which would, in effect, allow MCI to compete with GTE for local service.

By petition dated September 10, 1996, MCI sought arbitration before the Commission of unresolved issues in negotiations. GTE filed a response and an evidentiary hearing was held. On December 23, 1996, the Commission issued its arbitration order. This order set certain interim wholesale rates and directed that GTE submit certain

cost studies and that the parties submit their agreement for review within 60 days. It does not appear that the cost information or the agreement have been submitted. Instead, GTE filed this action on January 29, 1997, seeking review of the Commission's order.

■ The single fact upon which this matter turns is not in dispute: the Commission's arbitration order of December 23, 1996, from which GTE appeals, is not a decision by the Commission accepting or rejecting the agreement. As it is the validity of the very allegation of jurisdiction which is disputed, *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982), it is the scope of statutory review provided for by 47 U.S.C. § 252(e)(6) which must be determined. Fed. R.Civ.P. 12(b)(1). The burden of proving jurisdiction is on GTE. *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996).

The defendants collectively argue that § 252(e)(6) limits review to a decision accepting or rejecting the interconnection agreement. In opposition, GTE argues that § 252(e)(6) extends judicial review to any determination, not just a decision approving or rejecting an interconnection agreement.

■ The starting point of the analysis is, of course, the language of the statute enabling district court review. Congress determines the subject matter jurisdiction of the lower federal courts "in the exact degrees and character which to Congress may seem proper for the public good." *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 433, 109 S.Ct. 683, 688, 102 L.Ed.2d 818 (1989) (quoting *Cary v. Curtis,* 44 U.S. (3 How.) 236, 245, 11 L.Ed. 576 (1845)) (internal quotations omitted). Hence, the wisdom of Congress' scheme is irrelevant. It matters only whether Congress conferred subject matter jurisdiction in this Court for review of the Commissioner's order of December 23, 1996.

That portion of the statute providing for review of state commission actions provides in relevant part as follows:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6).

■ Having considered the plain language of the statute as a whole and, indeed, the plain language of the entire sentence quoted above, *Gracey v. International Bhd. of Elec. Workers Local Union No. 1340,* 868 F.2d 671, 675 (4th Cir.1989), the Court is persuaded that § 252(e)(6) does not extend the scope of review to determinations prior to the stage of approval or rejection of the agreement or statement. To accept GTE's argument to the contrary would place the federal district courts in a role of constant oversight of ongoing state commission proceedings. Such a result would be contrary to the reasoning behind *Thunder Basin Coal Co. v. Reich,* 510 U.S. 200, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994).

Further, this understanding is consistent with that reached by every other district court to have entertained this issue. *GTE South, Inc. v. Morrison,* 957 F.Supp. 800, (E.D.Va.1997); *GTE Northwest, Inc. v. Nelson,* Civil Action No. 96–1991 (W.D.Wash. March 31, 1997); *GTE Northwest, Inc. v. Hamilton,* Civil Action No. 97–6021 (D.Ore. March 28, 1997); *GTE Southwest, Inc. v. Wood,* Civil Action No. 97–3 (S.D.Tex. March 13, 1997). The Court has reviewed each of these opinions, having been provided and made a part of the record, and agrees with the reasoning therein, particularly that cogently set forth in *Morrison.*

■ Having concluded that the Court is without subject matter jurisdiction, stay of this matter pending a decision by the Commission on the agreement would be inappropriate. Rule 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Dismissal on the basis of lack of subject matter jurisdiction being warranted, it is unnecessary to reach the alternative arguments advanced.

Accordingly,

**IT IS ORDERED:**

(1) That the instant motions to dismiss [Record Nos. 7, 8] be, and the same hereby are, **GRANTED;**

(2) That the motion for oral argument [Record No. 12] be, and the same hereby is, **DENIED;**

(3) That this matter be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.