AT & T COMMUNICATIONS OF OHIO, INC., Plaintiff,

v.

OHIO BELL TELEPHONE COMPANY, dba Ameritech Ohio, et al., Defendants.

No. C2–97–443.

United States District Court, S.D. Ohio, Eastern Division.

March 30, 1998.

Douglas Matthews, Vorys, Saters Seymour & Pease, Columbus, OH, for plaintiff.

Alvin J. McKenna, Porter, Wright, Morris & Arthur, Columbus, OH, Steven T. Nourse, Ohio Atty. General's Office, Columbus, OH, for defendants.

**OPINION AND ORDER**

SARGUS, District Judge.

This matter is before the Court upon the motion of defendant Ohio Bell Telephone Company, dba Ameritech Ohio ("Ameritech") to dismiss Counts Four and Five of the Complaint. (Doc. No. 19). Defendant, Public Utility Commission of Ohio ("PUCO"), has also filed a Motion to Dismiss which, *inter alia,* raises similar arguments advanced by Ameritech with respect to Counts Four and Five of the Complaint.

Before addressing the merits of the motions filed by Ameritech and the PUCO, the Court notes that the PUCO has also moved to dismiss the Complaint in its entirety, asserting that this Court lacks subject matter jurisdiction. (Doc. 11). Further, the PUCO has moved to dismiss the crossclaims of Ameritech. (Doc. 18). Both of these motions essentially assert that the PUCO has not completed its decision making process as required by 47 U.S.C. § 252(e)(6) and that the case is not ripe for judicial review.

By Order dated March 16, 1998, the parties were directed to file on or before April 12, 1998 a status report outlining the relatedness or severability of the various counts and counterclaims-crossclaims to assist the Court in determining whether the various claims and counterclaims-crossclaims may be separately scheduled for a merits determination or whether all claims should be held in abeyance until the proceedings on rehearing are completed by the PUCO. Prior to receipt of the status report, the Court **DENIES** on a temporary basis the PUCO Motion to Dismiss the Complaint for lack of subject matter jurisdiction. The Court, upon receipt of the status report, will consider revisiting the issue once the record reflects the specific posture of each of the counts, counterclaims and crossclaims.

**I.**

In their Motions to Dismiss, both the PUCO and Ameritech essentially argue that this Court should dismiss Counts Four and Five of the Complaint since the allegations therein set forth involve issues which were never presented to and resolved by PUCO. Both defendants contend that the jurisdiction of this Court under the Telecommunications Act of 1996, Pub.L. No. 104–104, 110 Stat. 56 (1996) is limited to a review of decisions made by the State Commission. For the reasons that follow, the Court agrees and grants the Motions to Dismiss Counts Four and Five of the Complaint.

The Telecommunications Act of 1996 establishes a comprehensive scheme to promote and regulate competition in both local

and long distance telephone markets. Specifically, 47 U.S.C. § 252 outlines a process whereby an incumbent local exchange carrier, such as Ameritech, is required to negotiate or arbitrate with competing carriers to make use of the incumbent's existing telephone networks. The statutory scheme sets forth a process including voluntary negotiations (§ 252(a)(1)), mediation (§ 252(a)(2)), arbitration (§ 252(b)(1)), and ultimately, action by a state commission (§ 252(b)(4)). At the end of this detailed process, the statute further provides:

> In any case in which a state commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate federal district court to determine whether the agreement or statement meets the requirements of § 251 of this title and this section.

47 U.S.C. § 252(e)(6).

The plaintiff's complaint seeks to invoke this Court's jurisdiction solely upon the basis of the Telecommunication Act of 1996. Counts One, Two, Three and Six seek a review by this Court of certain determinations rendered by the PUCO with respect to the plaintiff's attempts to use the existing local telephone network to provide competing local telephone service. Counts Four and Five, however, do not allege that the matters complained of were presented to the PUCO under 47 U.S.C. § 252 prior to the filing of the Complaint.

Further, defendant Ameritech asserts that the matters set forth in Counts Four and Five of the Complaint are subject to a contractual dispute resolution provision set forth in the Interconnection Agreement entered into between Ameritech and AT & T on February 19, 1997. (Appendix D, Ameritech's Memorandum Contra Motion to Dismiss of Defendants PUCO ¶ 28.3).

AT & T urges the Court to find that it has jurisdiction to review the interpretation given by Ameritech to the parties agreement, notwithstanding the fact that the dispute engendered by such interpretation was never subject to a decision of the PUCO or binding arbitration. In support of this position, AT & T urges this Court to consider that the interpretation given to the agreement by Ameritech was only made after proceedings

had been concluded before the PUCO. According to AT & T, if this Court requires AT & T to litigate the matter set forth in Counts Four and Five of the Complaint before the PUCO or to seek arbitration of the same under the parties agreement, such delay would be contrary to the original purpose of the 1996 Telecommunications Act.

The Court is not persuaded by either of these arguments. With respect to this Court's jurisdiction, the Court finds no ambiguity in the statutory scheme set forth in 47 U.S.C. § 252. The procedures for negotiations, arbitration and approval of agreements are clearly designed to preserve the authority of state commissions, such as the PUCO. Title 47 U.S.C. § 252(e) requires either approval or rejection by state commissions of any interconnection agreements adopted by negotiation or arbitration. At the end of such section, this Court is given jurisdiction only in "any case in which the state commission makes a determination." 47 U.S.C. § 252(e)(6). This provision of the 1996 Telecommunications Act authorizes this Court to review only determinations made by state commissions under § 252(e)(6) or the failure of state commissions to carry out their responsibilities under the Act, 42 U.S.C. § 252(e)(5). The statutory scheme does not permit this Court to review disputes arising out of interconnection agreements not previously subject to action by a state commission.

In *GTE South, Inc. v. Breathitt*, 963 F.Supp. 610 (E.D.Ky., 1997), Judge Hood noted:

> ... the Court is persuaded that § 252(e)(6) does not extend the scope of review to determinations prior to the stage of approval or rejection of the agreement or statement. To accept GTE's argument to the contrary would place the federal district courts in a role of constant oversight of ongoing state commission proceedings.

*Id.* at 612. While GTE had sought federal review of matters currently under consideration by the Kentucky Public Service Commission, the same logic applies to the attempt by Ameritech to obtain review of matters never adjudicated, reviewed or approved by the PUCO.

In *GTE Northwest Incorporated v. Hamilton*, 971 F.Supp. 1350 (D.Or., 1997), the Court held that a "fair reading of § 252(e)(6) compels the conclusion that a district court will be reviewing the *Commission's* determinations...." *Id.* at 1354. (emphasis added.)

With respect to Counts Four and Five, there is simply no determination issued by the PUCO for this Court to review.

The court concludes that under the 1996 Telecommunications Act, it lacks jurisdiction over subject matter pursuant to Fed.R.Civ.P. 12(b)(1) with respect to Counts Four and Five of the Complaint. Having determined that the Court is without jurisdiction, the Court declines to address the additional issue raised by Ameritech as to the issue of arbitrability.

For these reasons, the Court finds the Motion of Defendant Ameritech to Dismiss Counts Four and Five of the Complaint (Doc. 19) well taken, and **GRANTS** said Motion. It is hereby **ORDERED** that Counts Four and Five of the Complaint are **DISMISSED**.

Furthermore, the Court **DENIES WITHOUT PREJUDICE** the PUCO Motion to Dismiss (Doc. 11), pending the Court-ordered status report.

**IT IS SO ORDERED.**