**AT & T COMMUNICATIONS OF THE SOUTHWEST, INC., Plaintiff,**

v.

**SOUTHWESTERN BELL TELE-PHONE COMPANY, The State Corporation Commission of the State of Kansas, and The Commissioners of the State Corporation Commission of the State of Kansas in their official capacity, Defendants.**

No. 98–4099–DES.

United States District Court, D. Kansas.

Feb. 16, 1999.

Robert A. Fox, Dana Bradbury Green, Foulston & Siefkin L.L.P., Topeka, KS, Michelle Sloan Bourianoff, AT&T Communications of the Southwest, Inc., Austin, TX, Michael J Jewell, AT&T Communications of the Southwest, Inc., Austin, TX, for AT&T Communications of the Southwest, Inc.

Michael C. Cavell, Southwestern Bell Telephone Co., Topeka, KS, Michael D. Moeller, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Lori A. Fink, Southwestern Bell Telephone, Dallas, TX, for Southwestern Bell Telephone Company.

Eva Powers, Glenda L. Cafer, Robert L. Lehr, Marianne Deagle, Kansas Corporation Commission, Topeka, KS, Eric S. Heath, Las Vegas, NV, for State Corporation Commission of State of Kansas, Commissioner of the State Corporation Commission of the State of Kansas.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant the State Corporation Commission of the State of Kansas and the Commissioners of the State Corporation Commission of the State of Kansas' (collectively "KCC") Motion to Dismiss the plaintiff AT & T Communications of the Southwest, Inc.'s ("AT & T") complaint (Doc. 16) and the KCC's Motion to Dismiss the cross claim of defendant Southwestern Bell Telephone Company ("SWBT") (Doc. 27), pursuant to Fed.R.Civ.P. 12(b)(1). The KCC also alleges that the claims in this case are not ripe and that this court should exercise its discretionary authority to dismiss this case so as not to disrupt state proceedings on this matter. All parties have submitted briefs on this matter and the court is ready to rule.

## I. FACTUAL BACKGROUND

Congress passed the Telecommunications Act of 1996 (the "Act") in an effort to advance competition in the telecommunications industry. One of the keys to the Act was the opening of local markets to competition from outside carriers. This action arises from AT & T's efforts to enter into local markets controlled by SWBT.

The sections of the Act that are relevant to this case are 47 U.S.C. §§ 251, 252. These provisions provide the framework for the parties to reach an agreement. The process, in simplified terms, contains four distinct steps. The first step is that both parties are to inter into voluntary negotiations to attempt to reach an agreement. If, after 135 days, the parties are unable to come to an agreement, either party may petition the KCC for arbitra-tion. At the conclusion of the arbitration, the parties are to submit an interconnection agreement incorporating the findings made by the arbitrator to the KCC for approval. Once the KCC issues a final order approving the agreement, any aggrieved party may petition a Federal District Court for review of the KCC's determinations.

AT & T filed this case seeking review of three findings made by the arbitrator that have been upheld by the KCC. SWBT filed a cross claim challenging two of the findings made by the arbitrator. The KCC has made final rulings on these issues, but has not yet issued a final order approving an interconnection agreement between AT & T and SWBT.

The KCC filed the current motions to dismiss based on a lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Both of the motions involve the same legal and factual issues. Therefore, both motions will be discussed together in this order.

## II. DISCUSSION

■ Subject matter jurisdiction of the lower federal courts is determined by congress "in the exact degrees and character which to Congress may seem proper for the public good." *GTE South Inc. v. Morrison,* 957 F.Supp. 800, 803 (E.D.Va.1997). 47 U.S.C. § 252(e)(6) contains the jurisdictional requirements that must be met for this court to review an order from the KCC concerning an interconnection agreement. "In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section." 47 U.S.C. § 252(e)(6).

Several federal courts have addressed the issue of what action must be taken by the state commission before the federal

courts have jurisdiction to review these cases. Although each of the cases have slightly different fact patterns than the case at bar, they all arrived at the same holding—the federal courts do not have jurisdiction to review the state commissions' determinations until a final agreement has been ruled upon by the commission. *See GTE North Inc. v. Glazer,* 989 F.Supp. 922, 925 (N.D.Ohio 1997) (stating "[t]he tightly restricted timetables prescribed by § 252 remove any conceivable doubt that Congress intended that State commission administrative processes remain unimpeded until an interconnection agreement is completed and approved"); *GTE Northwest, Inc. v. Nelson,* 969 F.Supp. 654, 656 (W.D. Wash.1997) (stating "[r]eview of determinations that have not been made part of a final agreement would only delay and complicate the tightly regulated process established by the Act"); *GTE South Inc. v. Morrison,* 957 F.Supp. 800, 805 (E.D.Va.1997) (stating "[a]bsent an agreement, the Court lacks subject matter jurisdiction").

█ The court finds that the reasoning of these cases is sound. The Act clearly states that "in any case in which a State commission makes a determination under this section" the court has the authority "to determine whether the agreement or statement meets the requirements of section 251." There is no authorization for the court to entertain each decision by the KCC once a final order has been entered on an issue. The court's jurisdiction is limited to ruling on the agreement, not to rule on each determination that will become part of the agreement. The reasoning for this limitation is clear. "Given the burdened dockets of the district courts, final agreements could be delayed almost indefinitely while the piecemeal litigation is ongoing." *GTE North, Inc.* 989 F.Supp. at 924.

AT & T has voiced two primary concerns they had which led to the filing of this case. First, they feared that if they did not seek review of these issues at this time, the court may later rule that they had waived any objections to these claims. This ruling should alleviate any concerns as to this issue. Because the KCC has moved to dismiss this case as untimely, they will not later be able to claim that AT & T or SWBT waived any of the claims contained in this case.

The second concern expressed by AT & T is that they, along with SWBT, were ordered by the KCC to begin performance, to the fullest extent possible, of the issues already ruled upon by the KCC. The Act clearly provides aggrieved parties an avenue of review following the approval of an interconnection agreement by state agencies through the federal courts. If state agencies had the power to force parties to implement portions of an interconnection agreement before a final order approving the agreement has been issued, the federal courts' authority to review these cases would be meaningless. State agencies, therefore, do not have the power to force parties to implement parts of interconnection agreements prior to final approval of the agreement and appropriate review by the federal court.

## III. CONCLUSION

█ The federal district courts only have jurisdiction to hear cases that Congress has authorized them to hear. Section 252(e)(6) makes it clear that this court's authority to review cases under the Act is limited to a determination of whether the "agreement" meets the requirements of the Act. There is no authority to review orders by the KCC, even if the KCC has made a final ruling on the issues, until a final interconnection agreement is approved. Therefore, the court finds that it lacks subject matter jurisdiction over this case and it must be dismissed.

Because this court does not have subject matter jurisdiction over these claims, the court will not address the other basis for dismissing this case forwarded by the KCC.

**IT IS THEREFORE BY THIS COURT ORDERED** that the KCC's motions to dismiss (Docs. 16 and 27) are granted.